14 F.3d 3
 Shannon Richey FAULKNER, individually and on behalf of all
others similarly situated; United States of
America, Plaintiffs/Appellees,
v.
James E. JONES, Jr., Chairman, Board of Visitors of The
Citadel, the Military College of South Carolina; Carroll A.
Campbell, Jr., Member of the Board of Visitors of The
Citadel, the Military College of South Carolina; T. Easton
Marchant, Member of the Board of Visitors of The Citadel,
the Military College of South Carolina; Barbara S. Nielsen,
Member of the Board of Visitors of The Citadel, the Military
College of South Carolina; William F. Prioleau, Jr., Member
of the Board of Visitors of The Citadel, the Military
College of South Carolina; William E. Jenkinson, III,
Member of the Board of Visitors of The Citadel, the Military
College of South Carolina; Leonard C. Fulghum, Jr., Member
of the Board of Visitors of The Citadel, the Military
College of South Carolina; James M. Leland, Jr., Member
of the Board of Visitors of The Citadel, the Military
College of South Carolina; John A. McAllister, Jr., Member
of the Board of Visitors of The Citadel, the Military
College of South Carolina; David S. Boyd, Jr., Member of
the Board of Visitors of The Citadel, the Military College
of South Carolina; Julian G. Frasier, III, Member of the
Board of Visitors of The Citadel, the Military College of
South Carolina; Larry J. Ferguson, Member of the Board of
Visitors of The Citadel, the Military College of South
Carolina; Steve D. Peper, Member of the Board of Visitors
of The Citadel, the Military College of South Carolina;
Wallace I. West, Jr., Director of Admissions and Recruiting
at The Citadel, the Military College of South Carolina;
Claudius E. Watts, III, President of The Citadel, the
Military College of South Carolina; State of South
Carolina; The Citadel, the Military College of South
Carolina; the Board of Visitors of The Citadel, the
Military College of South Carolina, Defendants Appellants.
 No. 93-2030 (CA-93-488-2).
 United States Court of Appeals,
Fourth Circuit.
 Jan. 11, 1994.
 
 PRIOR REPORT: 10 F.3d 226
 ORDER
 Appellants have filed a motion to stay the mandate pending application to the Supreme Court of the United States for a writ of certiorari and appellee filed a response to the motion.
 The Court denies the motion.
 Entered at the direction of Circuit Judge NIEMEYER, with the concurrence of Circuit Judge K.K. HALL.
 Circuit Judge HAMILTON dissents from the denial of the motion and has filed a separate written dissent.
 HAMILTON, Circuit Judge, dissenting:
 Before issuing a mandate which compels The Citadel to jettison 151 years of distinguished educational tradition, I believe we should afford the Supreme Court an opportunity to consider two compelling questions of national importance which have not yet been addressed. I, therefore, dissent from the majority's decision to deny the motion for stay of mandate pending application for writ of certiorari.
 First, the preliminary injunction affirmed by the majority invokes issues of comity and federalism. Before The Citadel is required to transform itself, I believe the Supreme Court should be afforded the opportunity to consider whether a federal court may properly impose a remedy for a constitutional violation without first providing the state the right to devise and implement its own remedy. In my view, Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), and its progeny require a federal court to refrain from imposing a particular remedy on a state, even on a preliminary basis, before the state has had the opportunity to fashion a remedy from a variety of permissible alternatives.
 Second, the Supreme Court should also be afforded an opportunity to consider a novel issue under the Equal Protection Clause. Specifically, The Citadel claims that, under Mississippi University for Women v. Hogan, 458 U.S. 718, 102 S.Ct. 3331, 73 L.Ed.2d 1090 (1982), and its progeny, including our decision in VMI, 976 F.2d 890 (4th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993), establishing a lack of demand by women for a Citadel-type education would justify South Carolina's decision to provide such educational opportunities only to men. Faulkner rejects this argument, asserting that a lack of demand can never justify a state's decision to deprive a lone woman of the same educational opportunities which the state provides to men. Even the majority could not reach a consensus on this question. Compare Faulkner v. Jones, 10 F.3d 226 (4th Cir.1993) ("[A]ny analysis of the nature of a separate facility [for women] ... must take into account ... the demand (both in terms of quality and quantity....), with Id. at 231 (Hall, J., concurring) ("I question whether, under the Equal Protection Clause, a state can ever have a sufficiently important interest to justify expending funds to maintain an institution that not only practices inequality, but celebrates it."). Before the State of South Carolina undertakes the costly and timely discovery to establish such a lack of demand in a trial on the merits, I believe the Supreme Court should first be afforded the opportunity to rule, as a matter of law, whether such lack of demand would, under the intermediate scrutiny applicable to gender-based discrimination claims, justify a state's failure to provide equal educational opportunities to both genders.
 It could be argued that, if the Supreme Court wishes to review these important constitutional questions, it could issue its own stay. Such an argument, in my opinion, abrogates the responsibility of this court by ignoring the appropriate inquiry which we are bound to undertake when deciding whether to grant such a stay. Specifically, Fourth Circuit I.O.P. 41.2 allows this court to grant such a stay if the matter raises a "substantial question" or "set[s] forth good or probable cause for a stay." Unquestionably, the two questions previously discussed qualify as "substantial." In addition, the failure of the majority to reach a consensus on the second question clearly provides "good or probable cause for a stay." Such undefined parameters of our Constitution should be explored before, rather than after, we compel The Citadel to transform itself. See, e.g., Virginia Military Institute v. United States, --- U.S. ----, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993), where Justice Scalia opined:
 
 
 1
 Whether it is constitutional for a State to have a men-only military school is an issue that should receive the attention of this Court before, rather than after, a national institution as venerable as the Virginia Military Institute is compelled to transform itself.
 
 
 2
 Finally, I note that we afforded VMI a similar stay on two separate occasions. I see no reason why The Citadel should not be afforded the same privilege, especially since the mandate in this case "compels [The Citadel] to transform itself," while the mandate in VMI did not disrupt that school's on-going educational program. Virginia Military Institute, --- U.S. at ----, 113 S.Ct. at 2431 (1993). I realize that, unlike VMI, this case contains "time pressure" and "the absence of [other] opportunity" for Faulkner, and I am certainly sympathetic to a young woman's desire to attend the college of her choice. However, if the Supreme Court denies certiorari, then granting The Citadel's motion will have delayed Faulkner's attendance at The Citadel by only one semester. Surely, Faulkner could endure a one semester delay while the Supreme Court decides whether to address the nationally important and unresolved constitutional issues presented by this case.
 
 
 3
 In summary, this case involves at least two significant constitutional questions which the Supreme Court has not yet addressed. Even the majority failed to reach a consensus on the latter issue. In light of the important and unresolved constitutional questions inherent in this matter, I believe this court should stay its mandate pending The Citadel's application for writ of certiorari. I, therefore, dissent from the majority's denial of the motion for such a stay.